**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA STATE COUNCIL OF ) | |
| CARPENTERS PENSION FUND; ) | |
| CENTRAL MIDWEST CARPENTERS FRINGE ) | |
| BENEFIT FUNDS, INC.; ) | |
| INDIANA/KENTUCKY/OHIO REGIONAL ) | |
| COUNCIL OF CARPENTERS JOINT ) | |
| APPRENTICESHIP AND TRAINING FUND; ) | |
| and CENTRAL MIDWEST REGIONAL ) | |
| COUNCIL OF CARPENTERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.:  1:26-cv-00702 |
| ) | |
| DIFINITI GROUP LLC, an Indiana limited ) | |
| liability company, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COME the Plaintiffs, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC., the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, DIFINITI GROUP LLC ("Difiniti Group"), and allege as follows:

**JURISDICTION AND VENUE**

1.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of

the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b)(1), and 28 U.S.C. § 1391(d) in that the Defendant resides within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC. is the authorized collection agent for the Central Midwest Regional Council of Carpenters Welfare Fund and the Central Midwest Regional Council of Carpenters Defined Contribution Pension Plan.

7. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

8. The Union is the bargaining representative of Difiniti Group's bargaining unit employees.

9.      Difiniti Group is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENTS

10.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11.     Difiniti Group is an employer engaged in an industry affecting commerce.

12.     Difiniti Group is signatory to a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached hereto as **Exhibit 1**).

13.     Through the MOA, Difiniti Group agreed to be bound by the Union's various CBAs. (**Exhibit 1**).

14.     Through the CBAs, Difiniti Group agreed to be bound by the Trust Funds' Trust Agreements.

15.     Pursuant to the provisions of the CBAs and Trust Agreements, Difiniti Group is required to make monthly reports of the number of hours worked by its bargaining unit employees ("monthly remittance reports") and pay contributions to the Trust Funds and contributions and wage deductions to the Union at the negotiated rates by the twentieth (20th) day following the month in which the work is performed.

16.     Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

17.     Pursuant to Section 502(g)(2) of ERISA, the Collections Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to

the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

18. Difiniti Group submitted its monthly remittance reports for the work months of November 2025, December 2025, and February 2026, but failed to make the corresponding contributions and wage deductions payments to Plaintiffs in the aggregate amount of $70,723.57 itemized below:

| Month: | Type: | Amount: |
|---|---|---|
| November 2025 | Contributions/Deductions | $20,760.21* |
| December 2025 | Contributions/Deductions | $28,383.03 |
| February 2026 | Contributions/Deductions | $21,580.33 |
| | Total: | $70,723.57 |

*The original amount due was $27,760.21, but that amount has been reduced to reflect a $7,000 payment submitted by Difiniti Group in March 2026.*

19. As a result of Difiniti Group's failure to pay the contributions and wage deductions owed for the work months of November 2025, December 2025, and February 2026, Difiniti Group also owes Plaintiffs $15,544.70 in liquidated damages and interest, itemized below:

| Month: | Type: | Amount: |
|---|---|---|
| November 2025 | Liquidated Damages | $2,776.02 |
| November 2025 | Interest | $2,776.02 |
| December 2025 | Liquidated Damages | $2,838.30 |
| December 2025 | Interest | $2,838.30 |
| February 2026 | Liquidated Damages | $2,158.03 |
| February 2026 | Interest | $2,158.03 |
| | Total: | $15,544.70 |

20. Difiniti Group failed to timely remit its contributions and wage deductions to Plaintiffs for the work months of October 2025 and January 2026

21. Due to its failure to timely remit its contributions and wage deductions to Plaintiffs for the work months of October 2025 and January 2026, Difiniti Group owes Plaintiffs interest and liquidated damages in the aggregate amount of $11,386.54 itemized below:

| Month: | Type: | Amount: |
|---|---|---|
| October 2025 | Liquidated Damages | $3,923.11 |
| October 2025 | Interest | $3,923.11 |
| January 2026 | Liquidated Damages | $1,770.16 |
| January 2026 | Interest | $1,770.16 |
| | **Total:** | **$11,386.54** |

22.    Difiniti Group has an ongoing obligation under the CBAs to pay contributions and wage deductions to Plaintiffs; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

23.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Difiniti Group.

24.    Difiniti Group is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.    Judgment be entered in favor of Plaintiffs and against Defendant Difiniti Group in the aggregate amount of $97,654.81, itemized below:

    i.    $70,723.57 in contributions and wage deductions for the work months of November 2025, December 2025, and February 2026;

    ii.    $13,465.62 in liquidated damages for work months of October 2025 through February 2026; and

    iii.    $13,465.62 in interest for the work months of October 2025 through February 2026.

B.    Judgment be entered in favor of Plaintiffs and against Defendant Difiniti Group for any other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraph A above;

C.      Defendant Difiniti Group be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D.      Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Difiniti Group's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

**INDIANA STATE COUNCIL
OF CARPENTERS PENSION
FUND *et al*.**

/s/ Elishua J. Burca
Elishua J. Burca (39634-49)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 864-3587
Facsimile: (312) 255-0449
burca@johnsonkrol.com

*One of Plaintiffs' Attorneys*